April 17, 1911.

———o———

5295.

(Court of Appeal, Parish of Orleans).

## WIDOW JESSE LAGERQUISTE vs. STANDARD LOAN OFFICE.

Under Act 229 of 1910 an appellate court has power to tax all costs as in its judgment may be deemed equitable.

Appeal from the Civil District Court, Division "D."

F. F. Teissier, for plaintiff and appellee.

Titche & Rogers, for defendant and appellant.

GODCHAUX, J.—Plaintiff sued, in the capacity of owner, to recover of defendant a diamond ring (or in the alternative its value), which she alleges was sold with the right of redemption (pawn) to defendant by one Johnson to whom she had given the use thereof "for a day or two," but without conferring upon the latter any right or authority to sell, assign, transfer, pawn, or otherwise dispose of it.

The defendant, as a bar to plaintiff's recovery urges

in its answer that Johnson was authorized by plaintiff to pawn the ring as security for a loan; but alleged that it was willing to return the ring to plaintiff upon this loan being paid and her ownership in the ring being proved. The lower court found that the plaintiff had authorized Johnson to pawn the ring, but, in accordance with the offer expressed in defendant's answer, there was judgment ordering defendant to return the ring upon plaintiff paying to defendant the amount loaned thereon by the latter, and the defendant was condemned for the costs.

The defendant has appealed and complains of the judgment insofar only as it subjects him to the payment of the costs; and the plaintiff has answered the appeal and urges that the lower court erred in maintaining the validity of the pawn and in condemning her to pay the loan as a condition precedent to the recovery of the ring.

The testimony of plaintiff upon the question of Johnson's authority and her transactions with him in general are vague, contradictory and generally unsatisfactory, although she persistently denies the existence of such authority. On the other hand, the testimony of a disinterested witness is to the effect that she had given or loaned the ring to Johnson to enable the latter to obtain money.

The lower court saw and heard the witnesses and came to the conclusion that she had given this authority to Johnson and our examination of the record leads us to a like conclusion.

Upon the question of costs raised by defendant's appeal, it is clear that the defense set up in the answer was maintained; and that the court found against plaintiff's contention as to Johnson's authority to pledge the ring. The judgment itself, by permitting plaintiff to redeem

the property, recognizes the validity of the pawn and sustains the defense. Consequently, the costs should be borne by the plaintiff. Even if this was not true as a legal proposition, the court would so order under the discretion vested in it by Act 229 of 1910.

It is, accordingly, ordered that the judgment appealed from, insofar as it ordains that defendant shall pay the costs, is amended so as to decree that the plaintiff shall pay the costs of both courts and as thus amended said judgment is affirmed.

Amended and affirmed.

April 17, 1911.

————o————

5277.

(Court of Appeal, Parish of Orleans).